IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 07-cr-00436-WDM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.    CRUZ CHACON,

      Defendant.

## ORDER ON APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER

Miller, J.

    This matter is before me on Defendant Cruz Chacon's Appeal from Magistrate Judge's Detention Order (Docket No. 50). Magistrate Judge Shaffer entered an Order of Detention on October 15, 2007 (Docket No. 21) finding by clear and convincing evidence that no condition or combination of conditions or release will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant. At a hearing on Wednesday, June 18, 2008, I orally denied the appeal after reviewing the record *de novo*, including a transcript of the prior proceedings, the evidence presented before me at the hearing, and all submittals of counsel. This written order, made pursuant to 18 U.S.C. § 3142(i), explains my decision.

    The issue presented is whether the defendant should be released on conditions

pursuant to 18 U.S.C. § 3142(c) or detained pursuant to section 3142(e) upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." If there is probable cause to believe that a person committed an offense with a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substance Act, then a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 1342(e). Once the presumption arises, the burden of production shifts to the defendant to present evidence to overcome the presumption. *United States v. Stricklin*, 932 F.2d 1353, 1354–55 (10th Cir. 1991). If Defendant's burden of production is met, "the presumption remains a factor for consideration by the District Court in determining whether to release or detain." *Id.* at 1355. In any case, "the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *Id.* at 1354–55. The government's burden is a preponderance of the evidence for risk of flight and clear and convincing evidence for danger to the community. 18 U.S.C. § 3142(f). In reviewing the evidence, section 3142(g) prescribes the following factors to be considered: (1) nature and circumstances of the offense charged including whether it is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release.

In this case, the indictment does charge Defendant with violating the Controlled

Substance Act, 21 U.S.C. § 846, 841(a)(1), (b)(1)(A)(ii), and 853, by conspiring to possess with intent to distribute and to distribute methamphetamine. This offense carries a maximum term of imprisonment of ten or more years. The indictment establishes probable cause that Defendant has committed such offense, thereby giving rise to the rebuttable presumption that no condition or combination of conditions would permit release. *Stricklin*, 932 F.2d at 354–55. To rebut the presumption, Defendant argues that some of the prior arrests listed on his Pretrial Services Report were not him, that many of his failure to appear citations were not his fault, and he has ties to the community in the form of his ex-wife who is willing to let him live with her and her daughter and the possibility of full-time employment with his step-son's sand company. Defendant called his ex-wife, Ms. Ontiveros, as a witness to describe both Defendant's proposed living situation with her and his potential job with her son at a sand company. The Government did not present any evidence, instead relying on the evidence presented at the hearing before Magistrate Judge Shaffer and the Pretrial Services Report.

The first factor, the nature and circumstances of the offense, weighs against Defendant. The charged offense is a drug crime of significant magnitude. Indeed, the testimony indicates that there was a substantial amount of methamphetamine being transported. The weight of the evidence against Defendant also weighs against Defendant. This particular defendant was involved not only in recorded messages but also found at the site with various drug paraphernalia and observed at various times during the investigation in connection with the drug conspiracy. The factor regarding the history and characteristics of the defendant also weighs against Defendant. Even

3

without the two convictions from Fort Morgan that Defendant contends were not him, he still has sixteen convictions. In connection with these sixteen convictions there are approximately twenty-one[1] warrants for failure to appear or otherwise comply with orders. This is quite remarkable. Furthermore, Defendant's criminal background includes some drug convictions and certainly indicates the misuse of alcohol and lack of responsibility with regard to it. Finally, the last factor, the nature and seriousness of danger to the community, is at best balanced. Although there is no evidence of violence or a threat to a particular individual, there is evidence indicating that Defendant is a flight risk. Defendant has no significant ties to the community, has a very poor record with respect to his prior convictions, and faces severe punishment should he be convicted. Defendant has not had any employment in recent years, from which one could infer that he has been sustaining himself by engaging in drug activities. Drug activity is very dangerous to this society—in particular, methamphetamine is an extremely dangerous drug and is particularly difficult to deal with once a person begins to use it. Therefore, trafficking in methamphetamine poses a significant risk to the community.

After consideration of all the factors, I conclude that the Defendant has not presented sufficient evidence to overcome the presumption that he is a flight risk. Furthermore, I conclude that the Government has met its burden of persuasion by a

---

[1] Of the twenty-three warrants issued, two of them relate to the two arrests in Fort Morgan.

preponderance of the evidence that Defendant is a flight risk.[2]

Accordingly, it is ordered that Defendant's Appeal from Magistrate Judge's Detention Order (Docket No. 50) is denied.

DATED at Denver, Colorado, on June 19, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

[2] I also note that there appears to be significant evidence that Defendant would be a danger to the community. However, I need not, and decline to, determine whether there is clear and convincing evidence that he poses a danger to the community.

5